UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY EDWARD SMITH, III,

                    Plaintiff,

          -against-

STATE OF SOUTH CAROLINA

                    Defendants.

21-CV-0573 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff proceeds in this matter *pro se*. On February 11, 2021, the Court dismissed the action without prejudice under 28 U.S.C. § 1651 because Plaintiff did not request leave of court to file this action. (ECF 6, entered 2/12/21.) On March 1, 2021, the Court received Plaintiff's notice of appeal (ECF 10), and four days later, the Court transmitted the notice to the United States Court of Appeals for the Second Circuit.

On March 11, 2021 and March 22, 2021, the Court received two submissions from Plaintiff: a "Supplement affirmative attachment to support leave of court" and an "Application from court leave to file." (ECF 12-13.)

For the reasons set forth below, the Court denies Plaintiff's March 11, 2021 request for leave of court.

## DISCUSSION

### I.        Effect of Pending Appeal

The Court liberally construes Plaintiff's March 11, 2021 submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion brought under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006);

*see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)).

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received both submissions after Plaintiff submitted a notice of appeal, but only his March 11, 2021 motion within 28 days after judgment was entered. The Court therefore has jurisdiction to consider the March 11, 2021 motion but does not have jurisdiction to rule on Plaintiff's March 22, 2021 submission, as the later submission was filed 28 days after judgment was entered.

## II.      Motion for Reconsideration

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). A movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009), largely because "[r]econsideration of a previous order by the Court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court denies Plaintiff's motion of reconsideration because he does not allege any facts suggesting that the Court should reopen this matter and grant him leave to file this action. Rather, he follows the same frivolous pattern he previously followed, which resulted in his being barred from filing an action IFP without leave to file. *See Smith v. Commonwealth of Virginia*, ECF 1:13-CV-8111, 7 (LAP) (S.D.N.Y. Feb. 27, 2014) (noting Plaintiff's history of filing frivolous actions). The Court therefore declines to reopen the matter.

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's submission (ECF 12), construed as a motion under Rules 59 and 60, is denied. All other pending matters in this action are terminated.

SO ORDERED.

Dated:    July 12, 2021
        New York, New York

_____
COLLEEN McMAHON
United States District Judge

3